Irvin K. Juergensmeyer, Plaintiff-Appellant, *v.* Peter Bensinger, Chairman, Illinois Youth Commission, *et al.,* Defendants-Appellees.

(No. 11650;

Fourth District—October 17, 1972.

James M. Drake, of Springfield, for appellant.

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot and John Whitenack, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Sangamon County denying plaintiff's request for a writ of *mandamus* and granting a declaratory judgment for the defendant. Plaintiff had sought a writ of *mandamus* to compel the defendants to restore him to his position as a Youth Service Supervisor I in the Illinois Youth Commission from which he had been removed when the position was abolished by the defendants. Plaintiff alleges that the abolition of his position was done in bad faith as a means of removing him rather than by the proper removal procedure which requires good cause, written notice, and a hearing. Ill. Rev. Stat., ch. 127, par. 63b 108b.16.

The trial court found that while plaintiff's immediate supervisor did seek to remove plaintiff both by discharging him for cause and by abolishing the position he occupied, nevertheless it was not established that the position was abolished in bad faith by those with authority to do so. As the trial court found, even an "established vendetta" of the plaintiff's immediate supervisor is insufficient upon this record to establish that the abolition of plaintiff's position by those in authority was made in bad faith. The abolition was effected by the defendant with the approval of the director of the department of personnel and there is no showing of bad faith on their part, rather the evidence establishes that the statutory provisions and the rules of the department of personnel with reference to job abolition were complied with and that the job as abolished was not recreated or filled by anyone else.

We have examined the record and conclude that the circuit court was correct in its finding and that the decision of this court in *Chestnut v. Lodge*, 77 Ill.App.2d 281, 222 N.E.2d 36, is controlling. The judgment of the circuit court is not against the manifest weight of the evidence.

Accordingly, pursuant to Supreme Court Rule 23, the judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.